UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:20CV-399-CRS

LYNELL WILLIS, JR.                                          PLAINTIFF

v.

KIMBERLY W. SHUMATE *et al.*                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lynell Willis, Jr., filed the instant *pro se* action.  He also filed an application to proceed without prepayment of fees (DN 4).  Upon review of the application, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a).  Accordingly, **IT IS ORDERED** that the application (DN 4) is **GRANTED**.

A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the case.

**I.**

Plaintiff names as Defendants Kimberly W. Shumate, identified as a Hardin County District Judge; Bryce Shumate, identified as a Radcliff, Kentucky police officer; and Kristi H. Willis, identified as a "Team Member E-town Wal-Mart."  Where the complaint form asks for the basis for federal-question jurisdiction, Plaintiff states, "Judicial/family kidnapp, Failure to report the matter to heirs and superior authority, Mental abuse by a judiciary/authoritian, & Neglegance authoritians, Abuse of judiciary power."

In the statement-of-claim section of the form, Plaintiff states as follows:

In 1987 defendants Kim & Bryce Shumat kidnapped me from a Caliasiuc, Louisiana hospital driving to Ft. Knox leaving me in a abandoned barack. Defendant Kristi Willis & decest husband L. Willis Sr. showed up minutes later, during early morning hours took me to/across the street (directly) to Ireland Hospital having a doctor change my body.  My kidnap was family empower

enraged by career, money, inherited money, and ones mistake, and love/love of life (attitude/appearance).

In the relief section, Plaintiff states as follows:

I ask the courts to polygraph, take DNA b/t the 3 hearing & believing they were family.  Emotional abuse is being in place - in the Hardin Co. Justice courts.  I'm or my story is never heard or resolved, defendants will not resolve the matter hoping physical assaults happen – disappearance.  Asking 2-7 million for loss of career.

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority

of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331.  Plaintiff cites no federal statutes or United States Constitutional provisions in support of his claims, and the Court cannot discern any from the facts alleged.  Therefore, the complaint fails to establish federal-question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction as there is not complete diversity of citizenship since he and all three Defendants are citizens of Kentucky.  *See* 28 U.S.C. § 1332.

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  A complaint is "frivolous" if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371

F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677 (E.D. Tenn. Nov. 4, 2004)).  Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that the allegations meet this standard.

      Accordingly, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date:   July 27, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4411.010